Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

FILED
2010 FEB 22  P 1:41
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

JIMMY HENRIQUEZ,                ) CV Case No.  10  7427
                                )
Plaintiff,                      ) COMPLAINT FOR VIOLATION
                                ) OF FEDERAL FAIR DEBT
    vs.                         ) COLLECTION PRACTICES ACT,
                                ) ROSENTHAL FAIR DEBT
CLIENT SERVICES, INC.,          ) COLLECTION PRACTICES ACT,
                                ) AND INVASION OF PRIVACY
Defendant.                      )
_____ )

# I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

Complaint - 1

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, JIMMY HENRIQUEZ ("Plaintiff"), is a natural person residing in San Francisco county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4. At all relevant times herein, Defendant, **CLIENT SERVICES, INC.**, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including continuing to take money out of Plaintiff's checking account after he instructed defendant otherwise (§1692f));

b) Failing to notify Plaintiff in writing not more than ten nor less than three days before depositing a post-dated check that was post-dated by more than 5 days (§1692f(2));

c) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

d) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiffs employer (§1692c(a)(1)(3)); Defendant continued to call Plaintiff at his employment despite multiple requests from the Plaintiff to stop doing so;

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

f) Using obscene or profane language in a conversation with Plaintiff (Cal Civ Code §1788.11(a));

g) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the

garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

h) In connection with collection of a debt, using obscene or profane language directed at Plaintiff (§1692d(2));

i) Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

j) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

k) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10); and

l) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code § 1788.13(j)).

m) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2); Plaintiff's counsel sent Defendant a letter advising Defendant of

Plaintiff's representation and of the violations of the FDCPA on January 12, 2010. Defendant sent a letter demanding on payment directly to the Plaintiff which was dated January 27, 2010.

6.  Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7.  Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

8.  As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9.  Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10.    Plaintiff reincorporates by reference all of the preceding paragraphs.

11.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages

    B. Punitive Damages; and,

    C. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 17th day of February, 2010.

By: _____
**TODD M. FRIEDMAN (216752)**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
Phone: 877 206-4741
Fax: 866 623-0228
tfriedman@attorneysforconsumers.com
**Attorney for Plaintiff**